IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Paul Dolan | : | Standing Order No. 94-2 |
| 3:14-cv-1436 | : | Amended |
| | : | |

STANDING PRACTICE ORDER

IN PRO SE PLAINTIFF CASES

This order is intended to inform the parties to this action of briefing and other litigation responsibilities that commonly arise during the course of a lawsuit. In doing so, this order will describe the major provisions of Local Rules of Court 7.1 through 7.8 and 7.10, Local Rules 26.4 and 56.1, and Federal Rules of Civil Procedure (Fed. R. Civ. P.) 5, 7 and 56. The parties should consult the actual rules for a complete description of their requirements.

**A. Local Rules Dealing with Pre-trial Motions, Deadlines for Briefing the Motions and Other Requirements for Such Motions.**

Local Rule 7.1 provides that all pre-trial motions must be written, be accompanied by a proposed order, and include a certificate indicating whether the opposing party concurs with the motion. However, no concurrence need be sought in *pro se* prisoner cases.

Local Rule 7.5 requires that any party who files a motion shall be required to file a brief in support of that motion within ten (10) days of the filing of the motion. Local Rule 5.1(h) requires that the motion and brief be separate documents. If a moving party does not file a brief in support of his or her motion within the ten-day deadline, Local Rule 7.5 provides that the party shall be deemed to have withdrawn the motion.

Local Rule 7.5 sets forth three exceptions to the briefing requirement. A brief is not required: (a) in support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) in support of any motion or a stipulation which has concurrence of all counsel, and the reasons for the motion or the stipulation and the relief sought are fully stated therein, or (c) in support of a motion for appointment of counsel.

Sometimes allegations of fact are relied upon to support a pre-trial motion. If a party wants to rely upon such allegations, or if the allegations are required by the nature of the motion, Local Rule 7.3 requires that the documents supporting the factual allegations be filed with the court along with the motion or within ten (10) days after the motion is filed.

If the moving party does file a timely brief in support of his or her motion, Local Rule 7.6 provides that the party against whom the motion and brief have been filed must file a brief in opposition to the moving party's motion, together with any opposing evidentiary material, such as affidavits, deposition transcripts, or other documents, within fifteen (15) days after service of the moving party's brief on the opposing party.

If the party opposing the motion does not file his or her brief and any evidentiary material within the 15-day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion. The motion may therefore be granted if: (1) the court finds it meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

Local Rule 7.7 allows the moving party to file a reply brief to the opposing party's brief in opposition within ten (10) days of service of the opposing brief. However, a reply brief is not mandatory, and the failure to file one will not alone result in adverse action by the court.

Local Rule 7.8 explains what the "Contents and Length of Pretrial Briefs" should be, including a limitation on the number of pages a brief can have.

Local Rule 7.10, requires that any motion for reconsideration or reargument shall be filed within ten (10) days after the entry of the judgment, order, or decree concerned.

Under Fed. R. Civ. P. 5(a), a party must serve on the other parties to the lawsuit copies of motions, briefs, and other documents accompanying those filings.

In a prisoner case, an order establishing a discovery deadline is usually not entered. Under Local Rule 26.4, if an order has not been entered setting up a discovery deadline, each party has a six-month period to conduct discovery, starting from the date the last

2

pleading was filed by that party, as "pleading" is defined in Fed. R. Civ. P. 7(a). In a prisoner case, the deadline for filing pre-trial motions is thirty (30) days after the end of the discovery period for that party.

**B. Summary Judgment Motion Under Fed. R. Civ. P. 56.**

One type of pre-trial motion is a motion for summary judgment under Fed. R. Civ. P. 56. The motion may be made by any party, with or without supporting affidavits. Under Rule 56(e) the affidavits may be supplemented or opposed by depositions, answers to interrogatories or further affidavits. The affidavits may also be supplemented by admissions on file and other appropriate evidentiary material.

Rule 56(e) also provides that a party opposing a summary judgment motion may not rely on the mere allegations or denials in his or her pleading, such as a complaint. Instead, Rule 56(e) requires a party opposing a motion for summary judgment to file evidentiary material (affidavits or other evidence), as described in Rule 56, setting forth specific facts showing there is a genuine issue for trial.

Local Rule 56.1 requires a motion for summary judgment to be accompanied by a separate document containing a short and concise statement of material facts in numbered paragraphs. Local Rule 56.1 also requires a party opposing a summary judgment motion to file a separate concise statement of material facts responding to the numbered paragraphs of the moving party's statement. The local rule further requires that the statements of material fact by both parties must include a reference to that part of the record that supports each statement.

All parties to a summary judgment motion, either moving for it or opposing it, must comply with the filing requirements of Local Rules 7.1 through 7.8, described above. If a party opposing a summary judgment motion does not support such opposition as required by Rule 56, the motion for summary judgment shall be considered solely upon the affidavits or other supporting evidentiary material filed by the moving party, if any, and the motion may be granted.

**C.  A Pro Se Plaintiff's Obligation to Inform the Court of Address Changes.**

A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address.  If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing.  If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

Attached to this order are copies of Local Rules 7.1 through 7.8 and 7.10, Local Rules 26.4 and 56.1, and a copy of the relevant parts of the Federal Rules of Civil Procedure 5, 7 and 56.

**Accordingly, IT IS HEREBY ORDERED THAT:**

Upon the filing of any pro se civil complaint with this court,

1) the Clerk of Court shall serve a copy of this Order on Plaintiff; and,

2) if the U.S. Marshal is directed to effect service of the complaint, a copy of the Order shall be served along with the summons and the complaint; and,

3) all parties shall follow the requirements of these rules or suffer the consequences of their failure to do such, including possible dismissal of their action.  Unless otherwise ordered by the court, there will be no hearing.

FOR THE COURT:

**s/Yvette Kane**
Yvette Kane, Chief Judge
Middle District of Pennsylvania

DATE:   December 2, 2005

# CHAPTER IV
# PLEADINGS AND MOTIONS

**LR 7.1 Pretrial Motions to be Written.**

All motions filed prior to trial must be written, and shall contain a certification by counselfor the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied. No concurrence need be sought in *pro se* prisoner cases.  A certificate of nonconcurrence does not eliminate the need for counsel to comply with Local Rule 26.3 relating to conferences between counsel in all discovery motions directed toward a resolution of the motion. Every motion shall be accompanied by a form of order which, if approved by the court, would grant the relief sought in the motion.

**LR 7.2 Reserved.**

**LR 7.3 Exhibits and Other Documents Substantiating Pretrial Motions.**

When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts of depositions, and other documents must be filed simultaneously with the motion whenever practicable. In any event, such supporting documents must be filed within ten (10) days after the motion has been filed, unless otherwise ordered by the court. All supporting exhibits and documents shall be filed and identified in the manner required by LR 5.1(f).

**LR 7.4 Motions for Summary Judgment.**

For local rule regarding the filing of Motions for Summary Judgment, see LR 56.1.

**LR 7.5 Submission of Briefs Supporting Pretrial Motions.**

Within ten (10) days after the filing of any motion filed prior to trial, the party filing the same shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. Unless otherwise ordered by the court, if supporting legal briefs are not filed within the time provided in this rule such motion shall be deemed to be withdrawn. Briefs shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion or a stipulation which has concurrence of all parties, and the reasons for the motion or the stipulation and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

**LR 7.6 Submission of Briefs or Memoranda Opposing Pretrial Motions.**

Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within five (5) days after service of the motion. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a responsive brief.

**LR 7.7 Pretrial Reply Briefs or Memoranda.**

A brief in reply to matters argued in respondent's brief may be filed by the moving party within ten (10) days after service of the respondent's brief. No further briefs may be filed without leave of court.

**LR 7.8 Contents and Length of Pretrial Briefs.**
    **(a) Contents of Briefs.**

Briefs shall contain complete citations of all authorities relied upon, including whenever practicable, citations both to official and unofficial reports. No brief may incorporate by reference all or any portion of any other brief. A copy of any unpublished opinion which is cited must accompany the brief as an attachment. The brief of the moving party shall contain a procedural

history of the case, a statement of facts, a statement of questions involved, and argument. The brief of the opposing party may contain a counter statement of the facts and of the questions involved and a counter history of the case. If counter statements of facts or questions involved are not filed, the statements of the moving party will be deemed adopted.  The brief of each party, if more than fifteen (15) pages in length, shall contain a table of contents, with page references, and table of citations of the cases, statutes and other authorities referred to therein, with references to the pages at which they are cited. A brief may address only one motion, except in the case of cross motions for summary judgement.

**(b) Length of Briefs**

**(1)** Unless the requirements of Local Rule 7.8 (b)(2) and (3) are met, no brief shall exceed fifteen (15) pages in length.

**(2)** A brief may exceed fifteen (15) pages so long as it does not exceed 5,000 words.
If a brief is filed in accordance with this subsection, counsel, or an unrepresented party, must include a certificate (subject to Fed. R. Civ. P. 11) that the brief complies with the word-count limit described in this subsection. The person preparing the certificate may rely on the word count feature of the word-processing system used to prepare the brief. The certificate must state the actual number of words in the brief.

**(3)** No brief exceeding the limits described in this rule may be filed without prior authorization. Any motion seeking such authorization shall specify the length of the brief requested and shall be filed at least two (2) working days before the brief is due.

### LR 7.9 Oral Arguments on Pretrial Motions.

Promptly upon the expiration of the time for filing of all briefs in support of or in opposition to pretrial motions, the judge to whom the action has been assigned may order oral argument at such time and place as the judge shall direct, either in open court or in chambers. The judge, in his or her discretion, may grant oral argument *sua sponte* or at the request of either or both parties.

### LR 7.10 Motions for Reconsideration or Reargument.

Any motion for reconsideration or reargument shall be filed within ten (10) days after the entry of the judgment, order or decree concerned.

## CHAPTER VIII
## DEPOSITIONS AND DISCOVERY

### LR 26.1 Duty to Investigate and Disclose.

**(a)** Prior to the conference of attorneys required by Local Rule 16.3, counsel for the parties shall inquire into the computerized information-management systems used by their clients so that they are knowledgeable about the operation of those systems, including how information is stored and how it can be retrieved. At the same time, counsel shall inform their clients of the need to preserve information stored in computerized information-management systems so that information relevant to the claims or defenses in the case is not in any way destroyed.

**(b)** In making the disclosures required by Fed. R. Civ. P. 26(a)(1), the parties must disclose information and files stored within their computerized information-management systems to the same extent they would be required to disclose information, files or documents stored by any other means.

**(c)** During the conference of attorneys required by Local Rule 16.3(a), in addition to those matters described in that rule, counsel shall discuss and seek to reach agreement on the following:

> **(1) Computer-based information in general**. Counsel shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoliation. Counsel shall also attempt to agree on the steps the parties will take to comply with the decisions and rules requiring the preservation of potentially relevant information after litigation has commenced.

**(2) E-mail information.** Counsel shall attempt to agree on the scope of e-mail discovery and e-mail search protocol.

**(3) Deleted information.** Counsel shall attempt to agree on whether deleted information still exists, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration.

**(4) Back-up and archival data.** Counsel shall attempt to agree on whether back-up and archival data exists, the extent to which back-up and archival data is needed, and who will bear the cost of obtaining such data.

**(5) Costs.** Counsel shall discuss the anticipated scope, cost, and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business, and shall attempt to agree on the allocation of costs.

**(6) Format and media.** Counsel shall discuss and attempt to agree on the format and media to be used in the production of electronic information.

**(7) Privileged material.** Counsel shall attempt to reach an agreement regarding what will happen in the event privileged electronic material or information is inadvertently disclosed.

**(d)** In the event the parties cannot agree on the matters described in subparagraph (c), counsel shall note the issue of disagreement in Section 10 ("Other Matters") of the joint case management plan so that the Court may, if appropriate, address the matter during the case management conference.

### LR 26.4 Discovery Proceedings, Closing of.

In the absence of a discovery deadline set forth in a court order, each party to a civil action shall complete all discovery proceedings within six (6) months of the date of the last pleading filed by that party. The word "pleading" shall have the same meaning in this rule as in Fed.R.Civ.P.7(a). After the expiration of the discovery deadline, the parties are deemed ready for trial.

### LR 56.1 Motions for Summary Judgment.

A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

**Federal Rule 5. Service and Filing of Pleadings and Other Papers**
    **(a)** Service: When Required.
Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.
In an action begun by seizure of property, in which no person need be or is named as defendant, any service required to be made prior to the filing of an answer, claim, or appearance shall be made upon the person having custody or possession of the property at the time of its seizure.
**(b)** Making Service.
    **(1)** Service under Rules 5(a) and 77(d) on a party represented by an attorney is made on the attorney unless the court orders service on the party.
    **(2)** Service under Rule 5(a) is made by:
        **(A)** Delivering a copy to the person served by:
            **(i)** handing it to the person;
            **(ii)** leaving it at the person's office with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office; or
            **(iii)** if the person has no office or the office is closed, leaving it at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.
        **(B)** Mailing a copy to the last known address of the person served. Service by mail is complete on mailing.
        **(C)** If the person served has no known address, leaving a copy with the clerk of the court.
        **(D)** Delivering a copy by any other means, including electronic means, consented to in writing by the person served. Service by electronic means is complete on transmission; service by other consented means is complete when the person making service delivers the copy to the agency designated to make delivery. If authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission facilities.
    **(3)** Service by electronic means under Rule 5(b)(2)(D) is not effective if the party making service learns that the attempted service did not reach the person to be served.
**(c)** Same: Numerous Defendants.
In any action in which there are unusually large numbers of defendants, the court, upon motion or of its own initiative, may order that service of the pleadings of the defendants and replies thereto need not be made as between the defendants and that any cross-claim, counterclaim, or matter constituting an avoidance or affirmative defense contained therein shall be deemed to be denied or avoided by all other parties and that the filing of any such pleading and service thereof upon the plaintiff constitutes due notice of it to the parties. A copy of every such order shall be served upon the parties in such manner and form as the court directs.
**(d)** Filing; Certificate of Service.
All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service, but disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admission.

**(e)** Filing with the Court Defined.
The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. A court may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, which the Judicial Conference of the United States establishes. A paper filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rules or practices.

## Federal Rule 7. Pleadings Allowed; Form of Motions
**(a)** Pleadings.
There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.
**(b)** Motions and Other Papers
  **(1)** An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
  **(2)** The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules.
  **(3)** All motions shall be signed in accordance with Rule 11.
**(c)** Demurrers, Pleas, etc.,
Abolished. Demurrers, pleas, and exceptions for insufficiency of a pleading shall not be used.

## Federal Rule 56. Summary Judgment
**(a) For Claimant.**
A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.**
A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.**
The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion**.
If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith

controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.**
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.**
Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.**
Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.