IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT PAUL DOLAN, | : | |
| Plaintiff, | : | 3:14-cv-1436 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| CRAIG LOWE, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

On July 25, 2014, Plaintiff, Vincent Paul Dolan, an inmate formerly confined at the

Pike County Correctional Facility, in Lords Valley, Pennsylvania, filed a *pro se* civil rights

complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint alleges that, while

incarcerated at the Pike County Correctional Facility, Plaintiff was denied freedom to

practice his choice of religion and that he was subjected to cruel and unusual punishment.

(*Id.*). The named Defendants are Craig Lowe, Warden at the Pike County Correctional

Facility; Robert McLaughlin, Assistant Warden at the Pike County Correctional Facility;

Erica Zaleck, Correctional Counselor; Terry Mooney, Correctional Counselor; and Sergeant

Frawley. (*Id.*).

Presently pending before the Court are Plaintiff's motion to appoint counsel and

motion to be transferred out of the Pike County Correctional Facility. (Docs. 17, 23). For

the reasons set forth below, the motions will be denied.

## I.    MOTION TO APPOINT COUNSEL

Although prisoners have no constitutional or statutory right to appointment of counsel

in a civil case, the Court has discretion "to request an attorney to represent any person

unable to afford counsel." 28 U.S.C. §1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-

57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v.*

*Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  The United States Court of Appeals for the Third

Circuit has stated that the appointment of counsel for an indigent litigant should be made

when circumstances indicate "the likelihood of substantial prejudice to him resulting, for

example, from his probable inability without such assistance to present the facts and legal

issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741

F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the

"precious commodity" of volunteer counsel is whether the case has some arguable merit in

fact or law. *Montgomery*, 294 F.3d at 499.  If a plaintiff overcomes this threshold hurdle,

other factors to be examined are:

> (1)    the plaintiff's ability to present his or her own case;
> (2)    the difficulty of the particular legal issues;
> (3)    the degree to which factual investigation will be necessary and the
>        ability of the plaintiff to pursue investigation;
> (4)    the plaintiff's capacity to retain counsel on his or her own behalf;
> (5)    the extent to which the case is likely to turn on credibility
>        determinations; and
> (6)    whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 Fed. Appx. 153 (3d Cir. 2007).

Assuming *arguendo* that the complaint has merit, Plaintiff fails to establish any circumstances warranting the appointment of counsel. *See Tabron*, 6 F.3d at 155-56. Plaintiff bases his motion on the alleged complexity of the case, conflicting testimony in the case (in the event of trial), his inability to investigate the facts, limited education, and inability to pay for an attorney. (Doc. 23). However, upon review, the legal issues herein are relatively simple and may not require expert testimony. Despite his incarceration, investigation of the facts is not beyond Plaintiff's capabilities and he is familiar with the facts of his case. Additionally, in his pleadings, Plaintiff demonstrates the ability to present comprehensible arguments and to present his own case.

It is also noted that this Court does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985),

3

coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment

of counsel. Accordingly, the motion for appointment of counsel will be denied, however said

denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the
> litigation and may be made by the district court *sua sponte* ... even if it does
> not appear until trial (or immediately before trial) that an indigent litigant is not
> capable of trying his or her case, the district court should consider
> appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the

need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of

Plaintiff.

## II.    MOTION TO TRANSFER

Also pending before the Court is Plaintiff's motion to be transferred from the Pike

County Correctional Facility due to the alleged retaliation he suffered at that facility. (Doc.

17). Since the filing of said motion, Plaintiff has been transferred out of the Pike County

Correctional Facility and is currently confined at the State Correctional Institution at

Graterford, Pennsylvania. *See* (Doc. 30, Notice of Change of Address dated February 10,

2015). Thus, Plaintiff's motion for transfer to a different correctional facility will be denied as

moot as he has received the relief requested therein.

**AND NOW**, this 27th day of April, 2015, **IT IS HEREBY ORDERED THAT:**

1.    Plaintiff's motion to appoint counsel, (Doc. 23), is **DENIED WITHOUT**

4

PREJUDICE.

2.    Plaintiff's motion to be transferred to a different correctional facility,

      (Doc. 17), is **DENIED AS MOOT.**

Robert D. Mariani
United States District Judge